**Juan E. CERVANTES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–86–00613–CR, 04–86–00614–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 25, 1987.

Larry Zinn, San Antonio, for appellant.

Fred G. Rodriguez, Mario Bordini, Christopher De Martino, Edward F. Shaughnessy, III, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

## OPINION

CHAPA, Justice.

Appellant Juan E. Cervantes was charged in separate indictments with attempted capital murder (86–CR–2341) and aggravated robbery (86–CR–2342). Both indictments were joined for trial, a jury convicted appellant of both charges and assessed punishment at 99 years imprisonment on each charge. The trial court sentenced appellant to concurrent sentences. Appeal has been perfected.

The issues before us are:

1) whether the trial court erred in imposing sentences for the two offenses because they arose from the same transaction; and

2) whether the trial court erred in imposing sentences for the two offenses because it violated the Double Jeopardy Clause of the Texas and United States Constitutions.

■ Initially, appellant complains because the trial court imposed sentences on the two offenses when they arose out of the same transaction. The state does not challenge that the offenses arose from the same transaction, but asserts the verdict is a general verdict, the appellant waived his complaint for lack of objection, and that any infirmity can be cured by simply vacating the judgment in the aggravated robbery cause which was decided last.

Charles Mikolajczyk, a San Antonio Police Department detective testified:

1) he was working as the off-duty security bank guard;

2) he and a bank teller he was escorting were delivering bags of money through a basement corridor of the bank;

3) appellant attacked them both, causing the teller to flee, leaving Mikolajczyk to struggle with the appellant;

4) appellant first struck Mikolajczyk with a hammer, and then pulled a gun;

5) during the struggle, appellant ripped Mikolajczyk's service pistol from his holster;

6) both guns were discharged during the struggle wounding both Mikolajczyk and appellant;

7) appellant was subdued and handcuffed until help arrived.

■ "Multiple convictions may not be had on two or more counts in a single indictment alleging offenses arising from the same transaction. *Ex parte Siller*, 686 S.W.2d 617 (Tex.Crim.App.1985)." *Fox v. State*, 693 S.W.2d 593, 596 (Tex.App.—San Antonio 1985, no pet.). In such cases, the court is without authority to impose sentences for more than one offense even in the absence of any objections from the appellant. Appellant is then entitled to have the judgment reformed by setting aside and vacating the findings of guilty and punishment assessment of the latter offense. *Drake v. State*, 686 S.W.2d 935, 944 (Tex.Crim.App.1985). The same rule applies whether the multiple offenses arising from the same transaction are charged under the same indictment or in separate indictments. *Milligan v. State*, 733 S.W.2d 664, 667 (Tex.App.—Austin 1987, pet. granted).

We do not decide whether the implicit pleading requirements of [TEX.CODE CRIM.PROC.ANN. art. 21.24] allow the State to join nonproperty offenses through separate indictments. However, even if the State could successfully join nonproperty offenses for a single trial through separate indictments, it would still face at least two remaining procedural hurdles that might prevent it from obtaining more than one conviction in a single trial. First, a defendant might still have a constitutional right to request severance of the offenses into separate trials.... Second, even in the absence of an objection, it would seem that a trial court only has authority to accept a single general verdict from the jury in a trial for nonproperty offenses. [TEX. CODE CRIM.PROC.ANN. art. 37.07; *Ex parte Siller, supra*.] We believe that, following our abandonment of the carving doctrine, the State effectively will have to obtain multiple convictions for nonproperty offenses through multiple trials until the Legislature alters pleading and verdict restrictions.

*Callins v. State* No. 69,023, Tex.Crim.App. July 2, 1986 (not yet reported).

We hold that the two charges arose from the same transaction and the appellant is entitled to have the judgment reformed. However, because of our holding in the second point of error, the reforming instructions will then be set out.

■ Appellant's last complaint is that imposing sentence for the two offenses violates the Double Jeopardy Clause of the Texas and United States Constitutions. Appellant asserts that under these circumstances, the second charged offense of aggravated robbery is the "same offense" for double jeopardy purposes as the initial charged offense of attempted capital murder. The state counters that under the standard of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), there is no double jeopardy violation.

The constitutional double jeopardy prohibition consists of three guarantees: (1) "it protects against a second prosecution for the same offense after acquittal; [(2)] It protects against a second prosecution for the same offense after conviction. [(3)] And it protects against multiple punishment for the same offense." *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228, 235 (1980); *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed. 2d 187 (1977). The question before us therefore is whether under these circumstances, the aggravated robbery is the "same offense" as the attempted capital murder for double jeopardy purposes.

The state suggests that a simple application of the test announced by *Blockburger* is all that is necessary to determine whether the two offenses are the same for purposes of double jeopardy.

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Blockburger v. U.S.,* 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309.

However, subsequent Supreme Court decisions have recognized that "the *Blockburger* test is not the only standard for determining whether successive prosecution impermissibly involve the same offense. Even if two offenses are sufficiently different to permit the imposition of consecutive sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first." *Brown v. Ohio,* 432 U.S. at 166–167, footnote 6, 97 S.Ct. at 2226, footnote 6; citing for support *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and *In re Nielsen,* 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889).

■ The Texas Court of Criminal Appeals has "determined that in comparing two separate statutes, simple prescription of an additional element in each statute per *Blockburger, supra,* did not automatically prevent a double jeopardy bar." *Ex parte Peterson,* 738 S.W.2d 688, 690 (Tex.Crim. App.1987); *May v. State,* 726 S.W.2d 573 (Tex.Crim.App.1987). If the state is unable to prove the first offense without also proving the second offense, a successive prosecution of the second offense would be the "same offense" within the meaning of the Double Jeopardy Clause. *Ex parte Peterson,* 738 S.W.2d 688.

In this case, the appellant was convicted initially of attempted capital murder in that:

> ... on or about the 12TH day of May, A.D., 1986, ... JUAN E. CERVANTES, hereinafter called defendant, did then and there intentionally and knowingly attempt to cause the death of CHARLES MIKOLAJCZYK, hereinafter called complainant, by SHOOTING CHARLES MIKOLAJCZYK WITH A FIREARM an act amounting to more than mere preparation that tended but failed to effect the commission of the offense of capital murder, having at the time the specific intent to commit the offense of capital murder, and the said complainant was a peace

officer acting in the lawful discharge of an official duty, and the said defendant knew the complainant was a peace officer ...

The second charge of which appellant was convicted, was aggravated robbery in that:

... on or about the 12TH day of May, A.D., 1986, JUAN E. CERVANTES, hereinafter called defendant, did then and there intentionally and knowingly threaten and place CHARLES MIKO-LAJCZYK, hereinafter called complainant, in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely: A FIREARM while the same defendant was in the course of committing theft of property, namely: LAWFUL CURRENCY OF THE UNITED STATES OF AMERICA from said complainant, the owner of said property, without the effective consent of the said complainant, and said acts were committed by the said defendant with the intent then and there to obtain and maintain control of the said property.

The record indicates that the state convicted appellant of the attempted capital murder on the theory that Charles Mikolajczyk, who was the victim of the robbery, was a peace officer "acting in the lawful discharge of an official duty" at the time. TEX.PENAL CODE ANN. § 19.03(a)(1) (Vernon Supp.1987). In view of the fact that Mikolajczyk was off duty at the time of the incident, the state was required to prove the robbery in order to establish Mikolajczyk, an off-duty police officer, had the duty of arresting appellant for the commission of the robbery in his presence. Indeed, the state conceded as much in its final argument.

... we had to prove in the attempted capital murder that the officer was acting in the lawful discharge of an official duty when he was shot, when the attempted murder was to be perpetrated upon him. You heard the officer's testimony. He's on duty twenty-four hours a day. If he is shopping in the store with his kids and there is a crime committed, he has a duty. He has an obligation because he's on duty even though he's not being paid for it. He has a duty to stop and thwart that crime at the moment *that aggravated robbery arose.* It was incumbent upon him. *It was his duty to stop that crime* which he went about trying to do and ultimately accomplished. (Emphasis added).

We hold that the record clearly establishes that the state proved the attempted capital murder by necessarily proving the aggravated robbery. Therefore, under the circumstances, the aggravated robbery was the "same offense" for purposes of the Double Jeopardy Clause. The second point of error is sustained.

The conviction of the attempted capital murder in Cause No. 86–CR–2341 is affirmed. The indictment charging appellant with aggravated robbery in Cause No. 86–CR–2342 is ordered dismissed.